[Cite as *Cleveland v. Pryor*, 2015-Ohio-3228.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101981

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## DWAYNE D. PRYOR

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2014 TRC 018001

**BEFORE:**   Kilbane, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   August 13, 2015

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
6505 Rockside Road
Suite 320
Independence, Ohio 44131-2371

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland
Belinda Kyles-Gest
Assistant City Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Dwayne D. Pryor ("Pryor"), appeals from his convictions for driving under the influence of alcohol ("OVI"), in violation of Cleveland Codified Ordinance ("CCO") 443.01, and failure to control, in violation of CCO 431.34A, following a bench trial. Pryor raises a single assignment of error in which he challenges the sufficiency of the evidence supporting his conviction for OVI. Having reviewed the record and the controlling case law, we affirm.

{¶2} On April 7, 2014, Pryor was involved in a motor vehicle accident on Matin Luther King Jr. Boulevard, near Wade Park Avenue and Ansel Road in Cleveland. Pryor was cited for OVI, failure to control, and a safety belt violation. The arresting officer further noted that Pryor refused to submit to an alcohol breathalyzer test and, therefore, his license was administratively suspended. Pryor pled not guilty to the charges, and the matter proceeded to a bench trial on August 4, 2014.

{¶3} Cleveland Police patrol officer Sherrie Flores ("Officer Flores") testified that on April 7, 2014, at approximately 3:00 a.m., she received a radio dispatch to respond to a motor vehicle accident on Martin Luther King Jr. Boulevard, near Wade Park Avenue and Ansel Road. Off-duty officers from Timberlake Village, Ohio were on the scene. Pryor's vehicle was badly damaged, the tires were flat, and the windshield was smashed. Officer Flores further testified that Pryor was outside of the vehicle when she arrived, but

he admitted that he had been driving the car. She learned that the vehicle had rolled over the concrete median, and that Pryor continued to drive on the rims for about one-half mile in the damaged car. Pryor's vehicle was towed from the scene.

{¶4} Officer Flores further testified that Pryor was "just standing there, looking dazed." As she approached to speak with him, Officer Flores smelled a mild odor of alcohol on his breath, and his eyes "were glossy and red." He was unsteady and staggered, and he appeared to be intoxicated. She asked whether Pryor had been drinking, and he indicated that he had consumed a couple of drinks. Officer Flores and her partner, Officer Eric Sands, conducted field sobriety tests on Pryor. She established that Pryor failed the "walk and count" test, and testified without objection that he was unable to complete instructions given to him. Officer Flores also requested that he complete an alcohol breathalyzer test, which was administered by Officer Hoover. According to Officer Flores, Pryor started to blow into the breathalyzer but he was watching the numbers on the machine and stopped blowing midway through the test. Officer Flores then marked the results as a "refusal." She conceded that Pryor had a cut on his lip, but when EMS arrived to the scene, according to Officer Flores, Pryor refused treatment.

{¶5} Pryor elected to present evidence. He testified that the motor vehicle accident occurred when he fell asleep at the wheel. He further testified that he had not been drinking. He stated that he drove the car a short distance after the accident in order to move it out of the way of other motorists. Pryor also stated that he fell asleep again

after moving his vehicle, but he stated that he had hit his head against the windshield during the accident. When the police arrived, Pryor consented to field sobriety tests and complied with the one-leg stand, but he had a headache and could not fully understand the other instructions that the officers gave him. With regard to the alcohol breathalyzer test administered at the police station, Pryor stated that he blew into the machine three separate times but had to stop because his chest hurt and he had difficulty breathing. He also stated that he felt dizzy and had difficulty understanding the instructions. He admitted, however, that he refused to be transported to the hospital after the accident.

{¶6} Tashiana Fields, Pryor's girlfriend, testified that Pryor was at her home for two hours before the accident. While they were together, he did not smell of alcohol and he did not consume any alcohol. Pryor left her home at around 3:00 a.m. He seemed sleepy and tired, but he was not drunk.

{¶7} The trial court found Pryor guilty of OVI and failure to control, but not guilty of the safety belt charge. On August 25, 2014, the court sentenced Pryor to 180 days incarceration with 174 days suspended, a $1,075 fine with $700 suspended, plus one year of active probation with random substance abuse testing. The court also imposed a $50 fine on the failure to control charge.

{¶8} Pryor now appeals and assigns the following error for our review:

Assignment of Error

Appellant's conviction of driving while under the influence of alcohol or drugs is not supported by sufficient evidence.

{¶9} In his assignment of error, Pryor argues that the testimony of Officer Flores was insufficient to establish the OVI conviction because Officer Flores did not actually administer the field sobriety tests, including the horizontal gaze nystagmus ("HGN") and the alcohol breathalyzer test.

{¶10} In reviewing a challenge of the sufficiency of the evidence, the reviewing court examines the evidence admitted at trial and determines whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* A reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins,* 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541.

{¶11} Pursuant to CCO 443.01, the city of Cleveland's OVI ordinance, states: "No person shall operate any vehicle * * * within this state, if, at the time of the operation * * * [t]he person is under the influence of * * * a drug of abuse."

{¶12} In this matter, Pryor asserts that there was insufficient evidence to find him guilty of OVI because his poor performance on the field sobriety tests was because of his injuries and confusion from the accident and not intoxication.

{¶13} A "police officer's observations during [field] tests * * * are admissible merely because they are relevant to whether the defendant is intoxicated." *Cleveland v. Hunter*, 8th Dist. Cuyahoga No. 91110, 2009-Ohio-1239, ¶ 62. In *Hunter*, this court held, "[i]t would be relevant if the defendant could not hold himself steady, stumbled when he walked, or fell down when he tried to stand on one foot. These are the type of facts an officer might observe during field sobriety tests." *Id*.

{¶14} In *Solon v. Hrivnak*, 8th Dist. Cuyahoga No. 100411, 2014-Ohio-3135, ¶ 17, this court further explained that evidence in support of intoxication can include physiological factors such as slurred speech, bloodshot eyes, and the odor of alcohol, and not just the results of the field sobriety tests. *Id*. at ¶ 18, citing *State v. Clark*, 8th Dist. Cuyahoga No. 88731, 2007-Ohio-3777, ¶ 13; *State v. Simms*, 9th Dist. Summit No. 23957, 2008-Ohio-4848, ¶ 6; *State v. Holland*, 11th Dist. Portage No. 98-P-0066, 1999 Ohio App. LEXIS 6143 (Dec. 17, 1999). The *Hrivnak* court stated:

> The courts have noted that field sobriety tests are not a necessary factor in an OVI conviction because, otherwise, "those with certain medical conditions would have a free pass to drive drunk or under the influence of a drug of abuse." *State v. Strebler*, 9th Dist. Summit No. 23003, 2006-Ohio-5711, ¶ 17; *State v. Stephenson*, 4th Dist. Lawrence No. 05CA30, 2006-Ohio-2563, ¶ 19; *State v. Rouse*, 7th Dist. Belmont No. 04BE53, 2005-Ohio-6328.
>
> Rather, the courts, including this court, have recognized that, to prove impaired driving ability, the state can rely not only on coordination tests such as the field sobriety tests but also on physiological factors such as slurred speech, bloodshot eyes, and the odor of alcohol. *State v. Clark*, 8th

Dist. Cuyahoga No. 88731, 2007-Ohio-3777, ¶ 13; *State v. Simms*, 9th Dist. Summit No. 23957, 2008-Ohio-4848, ¶ 6; *State v. Holland*, 11th Dist. Portage No. 98-P-0066, 1999 Ohio App. LEXIS 6143 (Dec. 17, 1999).

*Hrivnak* at ¶ 17, 18.

{¶15} In this matter, the evidence demonstrated that Pryor struck the median and his vehicle rolled over. The car was heavily damaged in the accident, the tires were flattened, and the windshield was shattered, but Pryor continued to drive the car for an additional one-half mile. After the accident, Pryor fell asleep and had to be awakened by the police officers. At that point, according to Officer Flores, there was a mild odor of alcohol on Pryor's breath and his eyes "were glossy and red." Officer Flores also testified that Pryor staggered, and he appeared to be intoxicated. Pryor admitted to the officer that he had consumed a couple of drinks. Pryor also failed field sobriety tests issued at the scene.

{¶16} Based upon the totality of the evidence presented below, we conclude that there is sufficient evidence to support the conviction. Here, the city presented evidence of the single car accident, and that Pryor continued driving the damaged vehicle, then Pryor fell asleep. The city also presented evidence that Pryor admitted that he had consumed alcohol, as well as Officer Flores's observations about the odor of alcohol on Pryor's breath, his dazed look, his unsteadiness and staggering, and his "glossy and red eyes." Moreover, irrespective of the results of the HGN test administered by Officer Flores's partner, the evidence indicated that Pryor was unable to complete the instructions

given to him. From all of the foregoing, we conclude that the city's evidence was sufficient to convince a reasonable finder of fact that the essential elements of OVI were established beyond a reasonable doubt.

{¶17} The assignment of error is without merit.

{¶18} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR